UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MWH MINI STORAGE, LLC | CIVIL ACTION |
| VERSUS | NO: 22-2760 |
| UNDERWRITERS AT LLOYD'S LONDON, ET AL. | SECTION: T (1) |

**ORDER**

Before the Court is the *Motion to Compel Arbitration and Stay Proceedings* filed by Defendants, Underwriters at Lloyd's London ("Underwriters"), HDI Global specialty SE ("HDI"), and Evanston Insurance Company ("Evanston").[1] Plaintiff, MWH Mini Storage, LLC ("MWH") filed an opposition.[2] Defendants filed a reply.[3] Considering the facts, applicable law, and briefing of the Parties, the Motion is GRANTED.

## I.  BACKGROUND

MWH owns and operates several commercial properties in LaPlace, Louisiana.[4] On or about August 29, 2021, the MWH properties sustained damage due to Hurricane Ida.[5] At that time, MWH was insured by Defendants under a collective policy packet (the "Policy").[6] MWH made a claim with the Defendants for the damages.[7] After several months of adjustment and communications attempting to resolve the claims, MWH filed suit on June 2, 2022 in state court alleging breach of contract and bad faith.[8] Defendants removed the case to this Court and filed the

---

[1] R. Doc. 7.
[2] R. Doc. 12.
[3] R. Doc. 18.
[4] R. Doc. 12.
[5] R. Doc. 12.
[6] R. Doc. 7-2.
[7] R. Doc. 12.
[8] R. Doc. 12. Suit was filed in the 40th Judicial District Court for the Parish of St. John the Baptist bearing docket number C-78044.

1

instant Motion seeking to enforce the Policy's arbitration clause pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").[9] The arbitration clause at issue provides, in pertinent part:

> C. ARBITRATION CLAUSE: All matters in difference between the insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
> * * *
> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.
> * * *
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.[10]

In response, MWH submits that the Policy is comprised of three distinct insurance contracts between itself and each Defendant.[11] MWH concedes the Convention applies to the policies issued by the foreign insurers, Certain Underwriters and HDI.[12] Therefore, MWH does not oppose arbitration of its claims against those insurers. MWH objects, however, to Evanston's ability to compel arbitration because it is a domestic insurer. This fact, MWH argues, makes the insurance contract between MWH and Evanston governed by Louisiana law instead of the Convention.[13] MWH alternatively asserts that if arbitration is compelled, then the proceedings should be held in Louisiana and be governed by Louisiana law.[14]

---

[9] R. Docs. 1, 7. MWH makes argument in their opposition to this motion regarding the purported untimely removal of this matter. There is no indication in the Record that MWH has filed any motion to remand concerning that issue. Therefore, the issue is not before the Court and will not be addressed in this Order.
[10] R. Doc. 7-3, p. 42 of 81.
[11] R. Doc. 12.
[12] R. Doc. 12.
[13] R. Doc. 12.
[14] R. Doc. 12.

## II.    LAW AND ANALYSIS

There is a liberal federal policy favoring enforcement of arbitration provisions, especially regarding international commerce.[15] In examining whether the Convention requires an order compelling arbitration, the Court conducts a "very limited inquiry."[16] Courts should compel arbitration if "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen."[17] Upon finding that these requirements are met, the court shall compel arbitration except in cases where the court finds the agreement "null and void, inoperative or incapable of being performed."[18] "While an agreement to arbitrate may be null and void when it is 'subject to an internationally recognized defense such as duress, mistake, fraud, or waiver,' we resolve doubts or questions of fact regarding those defenses in favor of arbitration."[19]

Here, MWH argues that Evanston cannot compel arbitration under the Convention because they are both American citizens but acknowledges that Underwriters and HDI have the right to enforce the Policy's arbitration clause. The issue before the Court, then, is whether the doctrine of equitable estoppel overrides MWH's objection to Evanston request for arbitration.

"[A]pplication of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more signatories to the contract."[20] If a plaintiff alleges interdependent and concerted misconduct among signatories and nonsignatories to the

---

[15] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625, 631 (1985).
[16] *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).
[17] *Id.* (*quoting Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)).
[18] *Id.*
[19] *Id.* (internal citations omitted).
[20] *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000).

arbitration clause, the plaintiff is estopped from avoiding arbitration.[21] Where a plaintiff does not differentiate between the alleged actions of any defendant insurer, the claims against the insurers are considered concerted and interdependent.[22] "Arbitrating claims against one defendant while litigating claims against others could yield inconsistent results, waste time and resources, and thwart federal policy favoring arbitration."[23]

The Court, in its discretion, may compel arbitration of nonsignatories according to the principle of equitable estoppel. While courts are indeed wary of imposing contractual obligations on nonsignatories, it is not so wary when the party attempting to evade arbitration is a signatory to the arbitration agreement.[24] When nonsignatories seek to compel arbitration against signatories, the Fifth Circuit has endorsed application of equitable estoppel against the signatory so long as the issues that need to be resolved are "intertwined" with the agreement the estopped party signed.[25]

This Court has applied equitable estoppel to similar claims against domestic and foreign insurers subscribing to one policy form.[26] In *Port Cargo Services, LLC v. Certain Underwriters at Lloyd's London*, the court evaluated a single policy document common to all insurers that specified the plaintiffs had separate insurance contracts with each individual insurer and contained an arbitration clause identical to the one in this case.[27] Estoppel was applied due to the interdependent

---

[21] *See, Clean Pro Carpet & Upholstery Care Inc. v. Upper Pontalba of Metairie Condo Ass'n.*, 2021 WL 638117, 2021 U.S. Dist. LEXIS at *13 (E.D. La. Feb. 18, 2021); *City of Kenner v. Certain Underwriters at Lloyd's*, 2022 WL 307295, 2022 U.S. Dist. LEXIS 18621 at *11 (E.D. La. Feb. 2, 2022).
[22] *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 U.S. Dist. LEXIS 37262, at *8-9 (E.D. La. Mar. 4, 2020).
[23] *City of Kenner*, 2022 WL 307295, 2022 U.S. Dist. LEXIS 18621 at *12; *Holts v. TNT Cable Contractors, Inc.*, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020).
[24] *See, Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069 (5th Cir. 2002); *Todd v. S.S. Mut. Underwriting Ass'n (Berm.) Ltd.*, 2010 U.S. App. LEXIS 5637 (5th Cir. 2010); *Broussard v. First Tower Loan, LLC*, 2016 U.S. Dist. LEXIS 29523 (E.D. La. 2016).
[25] *Id*.
[26] *See, Port Cargo Serv., LLC v. Certain Underwriters at Lloyds London*, 2018 WL 4042874 (E.D. La. Aug. 24, 2018); *City of Kenner v. Certain Underwriters at Lloyd's London, et al.*, 2022 WL 16961130 (E.D. La. Nov. 16, 2022); *Academy of the Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London, et al.*, 2023 WL 246832 (E.D. La. Jan. 18, 2023).
[27] *Id.* at *3.

and concerted conduct of all insurers in adjustment of the claim.[28] This estoppel has also been applied to nonsignatory domestic defendants.[29]

More recently, in *Academy of the Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London, et al.*, the court addressed a situation almost identical to the present case. There, plaintiff sued several insurers, some foreign and some domestic, for property damage related to Hurricane Ida.[30] Defendants moved to compel arbitration and plaintiff's opposition argued that, because it had separate contracts with each insurer, arbitration could not be compelled by the domestic insurers.[31] The court disagreed and granted the motion to compel, finding the application of equitable estoppel to be appropriate where the defendants' wrongdoing was alleged to be in concert.[32]

It its Complaint, MWH names each Defendant according to their individual policy numbers.[33] MWH then makes the following allegations as to the Defendants as a whole: they "collectively" insured the properties; that MWH made one claim against all Defendants; that Defendants delegated one claims administrator to handle the claim; that Defendants made a collective advance payment; that Defendants collectively received the same estimate for the claim; that Defendants issued a collective payment for a dwelling loss; and that Defendants acted together in issuing a rejection letter for each estimate sent in support of the claim.[34] In its claims, MWH alleges collective action by all Defendants with regard to a single claim for damages.[35] MWH's claims regarding the Defendants involve collective and interdependent actions such that the issues

---

[28] *Id.*
[29] *See Francisco v. Stold-Nielsen*, 2002 U.S. Dist. LEXIS 23134 (E.D. La. Dec. 2, 2002).
[30] *Academy of the Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London, et al.*, 2023 WL 246832 (E.D. La. Jan. 18, 2023).
[31] *Id.* at *3.
[32] *Id.* at *4-5.
[33] R. Doc. 1-2.
[34] R. Doc. 1-2.
[35] R. Doc. 1-2.

are intertwined. As such, application of equitable estoppel is warranted, and arbitration is compelled as to all claims.

Further, MWH's assertion that Louisiana law prohibits the enforcement of the arbitration clause is of no moment in light of the Court's conclusion that equitable estoppel applies because the Convention supersedes state law.[36] Louisiana law does not preempt the Convention's applicability in this matter. Further, the Policy's arbitration clause designates, among other things, a location for the arbitration to occur and the applicable law for the arbitration. The choice of laws provision contained in the insurance policy is enforceable and should be applied in this matter.[37]

Accordingly,

IT IS ORDERED that the *Motion to Compel Arbitration* is GRANTED.

IT IS FURTHER ORDERED that this matter is STAYED AND ADMINISTRATIVELY CLOSED pending the outcome of arbitration.

New Orleans, Louisiana this 6th day of February, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[36] *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 732 (5th Cir. 2009)
[37] *See, Louisiana Generating, LLC v. Illinois Union Ins. Co.*, 719 F.3d 328 (5th Cir. 2013) (enforcing a New York choice of law provision in a dispute between a Louisiana insured and its insurer).